| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

Carlon Eagan, §
§
　　　　Plaintiff, §
§
versus § Civil Action H-19-4687
§
Walgreens, Co., §
§
　　　　Defendant. §

## Opinion on Summary Judgment

1.　*Background.*

On the night of November 3, 2017, Carlon Eagan was shopping at a Walgreens in northwest Houston. She slipped and fell as she was walking to the register.

On October 29, 2019, Eagan sued Walgreens, Co., for: (a) premises liability, (b) negligence, and (c) gross negeligence. Walgreens has moved for summary judgment. It will prevail.

2.　*Premises Liability.*

To succeed on a premises liability claim, Eagan must show that: (a) there was a condition at the store that created an unreasonable risk of harm; (b) that Walgreens knew or should have known about; (c) Walgreens did not use reasonable care to reduce or eliminate that risk; and (d) Walgreens's lack of care caused Eagan to fall.[1]

Eagan says that Walgreens made the floor slippery when a worker sprayed "degreaser" on a part of the floor in the store, and another was spot

---

[1] *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014).

mopping. She argues that Walgreens knew the floor was slippery because its workers were the ones spraying, mopping, and making the floor slippery. Eagan claims Walgreens acted unreasonably because there were no wet floor signs and spot cleaning with degreaser violated company policy. Eagan insists this caused her to fall and be hurt when she slipped on the degreaser or water from the mop.

Assuming that there was an arguably dangerous condition somewhere in the store that Walgreens knew about, and Walgreens did not take reasonable care when it did not use a wet floor sign, Eagan has fundamentally failed to give evidence that shows causation.

Eagan offers no admissible or supported evidence of what she slipped on – or that she slipped on anything at all. She can argue all she wants that there was a liquid on the floor somewhere in the store. As the one who sued, it is her burden to prove that the area of the store where she slipped had a known liquid on the floor – not Walgreens's burden to prove that the liquid was not there.

The evidence does show that Eagan had a history of falls leading up to her accident at Walgreens. She was shopping right before closing. Eagan was also wearing flip-flops rather than soled shoes. An equally plausible – if not more plausible – explanation is that Eagan just fell on a normal, dry floor. When two equally probable circumstances exist, the court cannot infer whether or not there was a liquid on the floor where Eagan slipped.[2]

Eagan spent a majority of her pleadings and response arguing emotion and attacking Walgreens and its counsel. The court sympathizes with what Eagan went through as it was clearly painful, but the court deals with hard and objective facts – not emotional appeals, speculation, and *ad hominem* attacks.

Eagan's claims fail.

---

[2] *See Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984).

3. *Conclusion.*

   Carlon Eagan will take nothing from Walgreens, Co.

Signed on June 4, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge